UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:15-cr-175-T-30AAS

LOIS LUIS

## FINAL JUDGMENT OF FORFEITURE

This cause came on for evidentiary hearing on April 27, 2017 and May 1, 2017 on the claims of Niubis Miranda. For the reasons stated on the record, the Court denied Miranda's claims. It is therefore appropriate to enter a Final Judgment of Forfeiture. The Court has reviewed the United States' Motion for Judgment of Forfeiture (Doc. 211) and Lois Luis' (Objection) Motion in Opposition of the Entry of Final Order of Forfeiture (Doc. 212).

The United States moves (Doc. 211) under 21 U.S.C. § 853 and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, for a final judgment of forfeiture for the following assets (collectively, the "Real Properties"), which are subject to the October 26, 2016 preliminary order of forfeiture (Doc. 94):

> (a) the Real Property, attachments thereto, and appurtenances thereon, located at 6703 N. Armenia Avenue, Tampa, Florida 33604, more particularly described as:
>
> Commencing at the Northwest Corner of Lot 19, Block B of 1st Addition to Ayala's Grove Subdivision which point is 780.0 feet South and 36.64 feet East of the Northwest Corner of Section 35, Township 28 South, Range 18 East and on the East Right-of-Way line of Armenia Avenue; Continue thence along said East RM/line a distance of 300.0 feet for a point of beginning; Run thence East a distance of 224.0 feet to the West Boundary of

Grovewood Court Subdivision which point is 24.22 feet south of the Northwest Corner of Lot 5, Block 1 of Said Subdivision; Run thence South along the West Boundary of Grovewood Subdivision; A distance of 202.0 feet which point is 63.0 feet North of the South Boundary of the Northwest ¼ of the Northwest ¼ in Section 35; Run thence West and parallel to the South Boundary of the Northwest ¼ of the Northwest ¼ in Section 35; A distance of 224.0 feet to the East RM/Line of Armenia Avenue; and thence North along said RM/Line a distance of 202.8 feet to the P.O.B., Lying and being in Hillsborough County, Florida. Less and except any portion of the above described property appearing in Judgment in favor of the City of Tampa, as recorded in Official Record Book 3016, Page 84, Public Records of Hillsborough County, Florida.

Parcel ID Number: A-35-28-18-ZZZ-000005-41970.0;

(b) the Real Property, attachments thereto, and appurtenances thereon, located at 2600 West Columbus Drive, Tampa, Florida 33607, more particularly described as:

Lot 1, Block 2, Villa Saint Louis, according to the plat thereof, as recorded in Plat Book 1 , Page 59, of the Public Records of Hillsborough County, Florida.

Parcel ID Number: A-15-29-18-4PS-000002-00002.0; and

(c) the Real Property, attachments thereto, and appurtenances thereon, located at 7941 North Armenia Avenue, Tampa, Florida 33603, more particularly described as:

The South 100 feet of the North 130 feet of the East 250 feet of the West 280 feet of the Southwest quarter of the Northwest quarter of Section 26, Township 28 South, Range 18 East, Hillsborough County, Florida. Less the portion taken or conveyed for right-of-way purposes including such portion as described in the Official Records Book 4200, Page 1912, of the Public Records of Hillsborough County, Florida.

Parcel ID Number: A-26-28-18-ZZZ-000005- 38580.0.

The forfeiture was also included in the criminal judgment (Doc. 191).

In accord with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), Federal Rules of Criminal Procedure, from July 27, 2016, and ending on August 25, 2016. Doc. 160, the United States published notice of the forfeiture and of its intent to dispose of the Real Properties on the official government website, www.forfeiture.gov. Doc. 160. The publication gave notice to all third parties with a legal interest in the Real Properties to file with the Office of the Clerk, United States District Court, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interests within 60 days of the first date of publication.

The only parties known to have a potential interest in the Real Properties, the Hillsborough County Tax Collector, Oscar Torres, Anthony Luis, Niubis Miranda, Party of Five Investments, LLC, Mary K. Manso, Haeyoung Kong Tang Foundation, and TLGFY, LLC were properly noticed, in accordance with 21 U.S.C. § 853(n), or had actual notice of the forfeiture of the properties. Other than the defendant, whose interest was previously forfeited to the United States, and the Tax Collector, Party of Five Investments, LLC, Haeyoung Kong Tang Foundation, and TLGFY, LLC (whose interests have been recognized), and Niubis Miranda (whose claim this Court has denied), no other parties filed a petition or claimed an interest in the Real Properties, and the time for filing such petition has expired.

The United States acknowledged any claim the Tax Collector may have in the Real Properties, and agreed to pay any and all *ad valorem* Real Properties taxes and *non-ad valorem* assessments due and owing to the Tax Collector from proceeds received

from the sale of the Real Properties. It also recognized the claims of Party of Five Investments, LLC, Haeyoung Kong Tang Foundation, and TLGFY, LLC and has settled those claims.

The United States' motion (Doc. 211) is **GRANTED**. This Court, however, retains jurisdiction over the net proceeds from the sale of the real property located at 6703 N. Armenia Avenue, Tampa, Florida 33604, if any, in order to determine if Niubis Miranda is entitled to a refund of any of the interest only mortgage payments that American Supply & Equipment made on the note.

Under 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, all right, title, and interest in the Real Properties is **CONDEMNED** and **FORFEITED** to the United States for disposition according to law. Clear title to the Real Properties is now vested in the United States of America, subject to terms of the Stipulated Settlement Agreements, any *ad valorem* Real Properties taxes and *non-ad valorem* assessments due and owing to the Tax Collector, and this Court's order retaining jurisdiction over the net proceeds from the sale of 6703 N. Armenia Avenue property.

DONE and ORDERED in Tampa, Florida, this 19th day of May, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record